10-4912-cv
Barenboim v. Starbucks Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
          REENA RAGGI,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

-------------------------------------------------------------------------------

JEANA BARENBOIM, JOSE ORTIZ, on behalf of themselves and all others similarly situated,
                    *Plaintiffs-Appellants*,

            v.                                No. 10-4912-cv

STARBUCKS CORPORATION,
                    *Defendant-Appellee*.

-------------------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | Shannon Liss-Riordan, Lichten & Liss-Riordan, P.C., Boston, Massachusetts; Daniel Maimon Kirschenbaum, Joseph, Herzfeld, Hester & Kirschenbaum LLP, New York, New York. |
| FOR APPELLEE: | Daniel L. Nash, Nathan J. Oleson, Kelly M. Scindian, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C.; Samidh Guha, Akin Gump Strauss Hauer & Feld LLP, New York, New York; Rex S. Heinke, Gregory W. Knopp, Katharine J. Galston, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, California. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 7, 2011, is AFFIRMED.

Plaintiffs Jeana Barenboim and Jose Ortiz (collectively, "Barenboim") appeal from an award of summary judgment to defendant Starbucks Corporation ("Starbucks") on their putative class action claim that Starbucks's policy of allowing shift supervisors to participate in store tip pools violates N.Y. Lab. Law § 196-d. On October 13, 2012, this court certified two questions to the New York Court of Appeals pursuant to 2d Cir. L.R. 27.2 and N.Y. Comp. Codes R. & Regs. tit. 12, § 500.27(a) regarding the interpretation of § 196-d. See Barenboim v. Starbucks Corp., 698 F.3d 104 (2d Cir. 2012). Having received the Court of Appeals' answers to those questions, see Barenboim v. Starbucks Corp, 2013 N.Y. Slip Op. 04754, 2013 WL 3197602 (June 26, 2013), we now review the district court's award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the nonmovant, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Section 196-d states that "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. Law § 196-d. It further states that § 196-d shall not be construed as affecting "the sharing of tips by a waiter with a busboy or similar employee." Id.

In response to our certified questions, the Court of Appeals rejected Barenboim's argument that § 196-d bars any employee with "even the slightest degree of supervisory responsibility" from sharing tips. Barenboim v. Starbucks Corp, 2013 N.Y. Slip Op. 04754, at *6. Rather, the Court of Appeals concluded that, under § 196-d, "employer-mandated tip splitting should be limited to employees who, like waiters and busboys, are ordinarily engaged in personal customer service, a rule that comports with the expectations of the reasonable customer." Id. (alteration and internal quotation marks omitted). Thus, "an employee whose personal service to patrons is a principal or regular part of his or her duties may participate in an employer-mandated tip allocation arrangement under Labor Law § 196-d, even if that employee possesses limited supervisory responsibilities." Id. at *7. At the same time, however, the Court of Appeals recognized that "there comes a point at which the degree of managerial responsibility becomes so substantial that the individual can no longer fairly be characterized as an employee similar to general wait staff within the meaning of Labor Law § 196-d." Id. The court concluded that "the line should be drawn at

3

meaningful or significant authority or control over subordinates" and indicated that such authority or control "might include the ability to discipline subordinates, assist in performance evaluations or participate in the process of hiring or terminating employees, as well as having input in the creation of employee work schedules, thereby directly influencing the number and timing of hours worked by staff as well as their compensation." Id.

In this case, it is undisputed that Starbucks's shift supervisors spend a majority of their time performing the same duties as baristas, and are primarily responsible for serving food and beverages to customers. As their title indicates, shift supervisors also have some supervisory responsibilities, such as assigning baristas to particular positions during their shifts, administering break periods, directing the flow of customers, and providing feedback to baristas about their performance. Further, shift supervisors are authorized to open and close stores, to change the cash register tills, and to deposit money in the bank. But the limited nature of these supervisory duties, considered together with the shift supervisors' "principal" responsibilities to provide "personal service to patrons," cannot admit a finding of the "meaningful or significant authority or control over subordinates" contemplated by § 196-d. Id. Accordingly, we identify no genuine dispute of material fact as to whether § 196-d permits shift supervisors to participate in Starbucks's tip pools. It does.

In urging otherwise, Barenboim argues that shift supervisors perform three of the four tasks listed as examples by the Court of Appeals in describing what constitutes meaningful or significant authority over subordinates for purposes of § 196-d. Specifically, although

4

conceding that shift supervisors do not participate in the process of hiring and firing employees, Barenboim points out that they (1) discipline baristas by verbally correcting their mistakes or coaching their job performance, (2) "advise managers regarding the baristas' job performance," and (3) "coordinate baristas' schedules and breaks." Barenboim Supplemental Br. 4. Barenboim also points out that shift supervisors oversee between three and six baristas during a given shift. The record, however, demonstrates that these supervisory responsibilities are limited. Thus, while shift supervisors may be able to coach baristas, they cannot formally discipline them. Moreover, shift supervisors have no input into the creation of the work schedule; they may only designate break times during a scheduled shift or send a barista home from a shift if he or she is not needed. And, although they supervise baristas, shift supervisors' primary job functions are the same as baristas. On this record, no factfinder could conclude that shift supervisors have such a "substantial" degree of "managerial responsibility" that they are no longer akin to "general wait staff" under § 196-d. Id. at *7. The district court therefore correctly awarded summary judgment to Starbucks.

We have considered Barenboim's remaining arguments on appeal and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court